Deutsche Bank Natl. Trust Co. v Hall (2020 NY Slip Op 04292)





Deutsche Bank Natl. Trust Co. v Hall


2020 NY Slip Op 04292


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10148
 (Index No. 3552/09)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Lynden Hall, appellant, et al., defendants.


Chidi Eze, Brooklyn, NY, for appellant.
Davidson Fink, LLP, Rochester, NY (Larry T. Powell of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lynden Hall appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 19, 2017. The order granted the plaintiff's motion for leave to enter a default judgment against the defendants and to appoint a referee to compute the sums due and owing to the plaintiff, and denied the cross motion of the defendant Lynden Hall to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage. The plaintiff subsequently moved for leave to enter a default judgment against the defendants and to appoint a referee to compute the sums due and owing to the plaintiff. In support of its motion, the plaintiff submitted evidence to show that all of the defendants in this action had been served with the summons and complaint, and that they were all in default for failing to appear or answer within the time allowed. As relevant here, the plaintiff submitted, among other things, an affidavit of a process server to show that the defendant Lynden Hall had been served with the summons and complaint pursuant to CPLR 308(2). In addition, the plaintiff submitted evidence to establish that it was entitled to foreclose the subject mortgage due to Hall's default in repaying the subject loan.
Hall opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him on a multitude of grounds. Hall contended, among other things, that the plaintiff's motion should be denied and the complaint should be dismissed because (1) the plaintiff lacked standing to commence this action, (2) the plaintiff failed to comply with RPAPL 1304, (3) the action was barred by the doctrine of res judicata, and (4) the Supreme Court lacked personal jurisdiction over him.
In the order appealed from, the Supreme Court granted the plaintiff's motion and denied Hall's cross motion. Hall appeals.
As relevant here, "[a]n action is commenced by filing a summons and complaint" (CPLR 304[a]). "A plaintiff appears in an action merely by bringing it" (Siegel & Connors, NY Prac § 110 [6th ed Dec. 2019 Update]). "The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR [*2]320[a]). Where, as here, service was effected pursuant to CPLR 308(2), "the [defendant's] appearance shall be made within thirty days after service is complete" (CPLR 320[a]; see CPLR 3012[c]).
"After having been served with process, the defendant who wants to avoid a default must respond in a proper and timely manner" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:1). "Subdivision (a) of CPLR 320 specifies three ways by which the defendant can appear in the action: (1) service of an answer; (2) making a motion which has the effect of extending the time to answer; or (3) serving a notice of appearance" (id.).
"The answer, of course, is defendant's pleading in response to a complaint" (id.; see CPLR 3011, 3018). "A defendant who has defaulted in answering admits all traversable allegations in the complaint, including the basic allegation of liability" (Glenwood Mason Supply Co., Inc. v Frantellizzi, 138 AD3d 925, 926; see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; Cole-Hatchard v Eggers, 132 AD3d 718, 720).
Service of a notice of motion to dismiss a complaint pursuant to CPLR 3211(a) extends a defendant's time to answer the complaint (see CPLR 3211[f]). Such a motion must be made "before service of the responsive pleading is required" (CPLR 3211[e]), or it is untimely (see Bennett v Hucke, 64 AD3d 529, 530).
Finally, a notice of appearance is "a simple document that notifies the plaintiff that defendant is appearing in the action" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:1). A notice of appearance "is the response generally reserved for the situation in which the plaintiff's process consisted of a summons with notice as authorized by CPLR 305(b)" (id.). "Service of a notice of appearance will avoid a default, at least temporarily, and put the plaintiff to the task of serving a complaint within 20 days" (id.; see CPLR 3012[b]). Under those circumstances, "[a]fter the complaint has been served, the defendant, within 20 days, should either serve an answer or make a motion that extends the time to answer" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:1; see CPLR 3012[a]).
A defendant's failure to respond to a summons and complaint within the required time "amounts to what CPLR 3215 . . . calls a failure to appear" (Siegel & Connors, NY Prac § 293; see U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1427). "When a defendant has failed to appear . . . the plaintiff may seek a default judgment against him [or her]" (CPLR 3215[a]).
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; see CPLR 3215[f]; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Liberty County Mut. v Avenue I Med., P.C., 129 AD3d at 785; see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1195).
In this case, the plaintiff submitted evidence which showed that Hall had been served with the summons and complaint pursuant to CPLR 308(2), and that he failed to appear or answer within the time allowed. In addition, the plaintiff submitted evidence demonstrating that it was entitled to foreclose the subject mortgage due to Hall's default in repaying the subject loan.
In opposition to the plaintiff's prima facie showing, Hall first contends that he did not default in appearing. In this regard, Hall asserts that he made an "informal appearance" during the course of this action and was, therefore, not in default. He contends that "even if [an] informal appearance' is made after the expiration of the time to answer or move specified in CPLR 320(a) . . . judgment by default is precluded." Hall's contention is without merit.
It is true that "[i]n addition to the formal appearances listed in CPLR 320(a), the law [*3]continues to recognize the so-called informal' appearance" (Siegel & Connors, NY Prac § 112). "It comes about when the defendant, although not having taken any of the steps that would officially constitute an appearance under CPLR 320(a), nevertheless participates in the case in some way relating to the merits" (id.).
Although "an informal appearance can prevent a finding that the defendant is in default, thereby precluding entry of a default judgment" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:4), this is only true when the participation constituting the informal appearance occurred within the time limitations imposed for making a formal appearance (see Taylor v Taylor, 64 AD2d 592, 592; see also Jeffers v Stein, 99 AD3d 970, 971; Stewart v Raymond Corp., 84 AD3d 932, 933; Parrotta v Wolgin, 245 AD2d 872, 873). Indeed, even service of a formal "notice of appearance will not protect the defendant from entry of a default judgment if, after service of the complaint, the defendant does not timely make a CPLR 3211 motion or serve an answer" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:1). Accordingly, an informal appearance, without more, does not somehow absolve a defendant from complying with the time restrictions imposed by CPLR 320(a) which govern the service of an answer or the making of a motion pursuant to CPLR 3211 (see CPLR 3215[a]; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167). Contrary to Hall's contention, this Court has never held otherwise; to do so would effectively eliminate any need for compliance with the time limitations imposed by CPLR 320(a), and render those statutory provisions meaningless for all practical purposes (see City of Newburgh v 96 Broadway LLC, 72 AD3d 632, 633; Carlin v Carlin, 52 AD3d 559, 560-561; cf. CPLR 3215[a]).
Hall next contends that he successfully rebutted the plaintiff's evidence regarding service pursuant to CPLR 308(2). However, "[a] defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see Taveras v City of New York, 108 AD3d 614, 617). Here, as Hall himself argues, he engaged in significant activity after his statutory time to answer had expired, which amounted to an informal appearance. This activity was sufficient to warrant a finding that Hall had acknowledged the jurisdiction of the court without preserving his objection based on improper service (see Taveras v City of New York, 108 AD3d at 617-618; Finn v Church for the Art of Living, Inc., 90 AD3d 826, 827; Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163, 1166; see also Deutsche Bank Natl. Trust Co. v Vu, 167 AD3d 844, 846; U.S. Bank N.A. v Pepe, 161 AD3d 811, 813). Accordingly, Hall waived any objection on the ground of lack of personal jurisdiction (see HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1130).
Finally, Hall contends that the Supreme Court should have denied the plaintiff's motion and granted his cross motion to dismiss because the plaintiff lacked standing to commence this action, the plaintiff failed to comply with RPAPL 1304, and the action was barred by the doctrine of res judicata. Hall argues that "inasmuch as [he] has neither filed a motion to dismiss under CPLR 3211(a) nor an answer, there has been no waiver of any affirmative defenses." Again, Hall's argument is without merit.
A motion to dismiss a complaint pursuant to CPLR 3211(a) may be based on various grounds, including, as relevant here, lack of standing, failure to comply with RPAPL 1304, or res judicata (see CPLR 3211[a][1]-[11]; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1021). A defendant may also choose to interpose those defenses in an answer (see generally Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C320:1). However, a defendant's right to interpose a defense is subject to the time limitations imposed by CPLR 320 (see e.g. U.S. Bank N.A. v Gilchrist, 172 AD3d at 1427-1428). Accordingly, where the plaintiff has demonstrated, prima facie, that a defendant is in default because he or she "failed to appear" within the meaning of CPLR 3215(a), that defendant is generally precluded from raising any nonjurisdictional defense without first rebutting the prima facie showing of default (see First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865; Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 968; Fried v Jacob Holding, Inc., 110 AD3d 56, 60; cf. CPLR 5015[a]), and obtaining leave to serve a late answer (see CPLR 3012[d]). This is true, even if the nonjurisdictional defense "may be raised [*4]at any time" (Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; see HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704), and regardless of whether it is exempt from the waiver provisions of CPLR 3211(e) (see Deutsche Bank Natl. Trust Co. v Ford, 183 AD3d 1168; see also JPMorgan Chase Bank, N.A. v Carducci, 67 Misc 3d 561 [Sup Ct, Westchester County]; cf. RPAPL 1302-a). Here, the plaintiff demonstrated, prima facie, that Hall was in default for failing to appear within the meaning of CPLR 3215(a). Hall was thus required to rebut that showing and demonstrate that he should be relieved of the consequences of his default (see Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC, 167 AD3d 1353, 1355-1356; cf. CPLR 3012[d]; 5015[a]). Hall failed to sustain this burden. Accordingly, he is precluded from raising lack of standing, failure to comply with RPAPL 1304, or res judicata as defenses to this action (see U.S. Bank N.A. v Gilchrist, 172 AD3d at 1427-1428; HSBC Bank USA, N.A. v Hasis, 154 AD3d at 834; Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069). Inasmuch as those defenses were never properly raised by Hall, the plaintiff was not required to disprove them to obtain the relief it sought in its motion (see Flagstar Bank, FSB v Jambelli, 140 AD3d at 830; U.S. Bank N.A. v Carey, 137 AD3d 894, 895-896).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for leave to enter a default judgment against the defendants and to appoint a referee to compute the sums due and owing to the plaintiff, and denying Hall's cross motion to dismiss the complaint insofar as asserted against him.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court