HSBC Bank USA, Natl. Assn. v Thorne (2020 NY Slip Op 07551)





HSBC Bank USA, Natl. Assn. v Thorne


2020 NY Slip Op 07551


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2017-05841
 (Index No. 11092/14)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Ian Thorne, appellant, et al., defendants.


Ian Thorne, Laurelton, NY, appellant pro se.
Reed Smith LLP, New York, NY (Zalika T. Pierre and Andrew B. Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ian Thorne appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated September 27, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment and for an order of reference, and denied those branches of that defendant's cross motion which were pursuant to CPLR 5015(a) to vacate his default in answering the complaint and, in effect, to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2014, the plaintiff commenced this action against, among others, the defendant Ian Thorne (hereinafter the defendant), to foreclose a consolidated mortgage on residential property in Laurelton. The defendant failed to timely answer the complaint. The plaintiff subsequently moved, inter alia, in effect, for leave to enter a default judgment and for an order of reference. The defendant cross-moved, among other things, pursuant to CPLR 5015(a) to vacate his default in answering the complaint and, in effect, to dismiss the complaint insofar as asserted against him. In an order dated September 27, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment and for an order of reference, and denied those branches of the defendant's cross motion which were pursuant to CPLR 5015(a) to vacate his default in answering the complaint and, in effect, to dismiss the complaint insofar as asserted against him. The defendant appeals.
An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215[f]; U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112). "[A]n affidavit submitted in support of a motion pursuant to CPLR 3215 'need only allege enough facts to enable a court to determine that a viable cause of action exists'" (Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). "Indeed, defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d at 71). "Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party" (HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776 [internal quotation marks and emphasis omitted]).
Here, in support of the motion, the plaintiff submitted, inter alia, a copy of the summons and complaint, proof of service of process upon the defendant, the consolidated mortgage and note, and an affidavit of merit sworn to by Carmen Renata Ragsdale, Vice President of Loan Documentation for the servicing agent, Wells Fargo Bank, N.A. (hereinafter Wells Fargo). In her affidavit, Ragsdale averred, among other things, that she was familiar with and had reviewed business records maintained by Wells Fargo for the purpose of servicing mortgage loans, that the defendant had been in default under the terms of the subject mortgage since August 1, 2010, and that the amount due was the sum of $484,061.15. Thus, the plaintiff demonstrated its entitlement to a default judgment against the defendant and an order of reference (see Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 900; Wells Fargo Bank, NA v Emma, 161 AD3d 1131, 1132).
"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (US Bank N.A. v Dorestant, 131 AD3d 467, 470 [internal quotation marks omitted]). Here, the defendant failed to establish that he did not default or that he had a reasonable excuse for his default. Inasmuch as the defendant failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious defense to the action, including the plaintiff's purported failure to comply with RPAPL 1304 (see U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1109). Moreover, the plaintiff was not required to demonstrate its compliance with RPAPL 1304 in order to obtain a default judgment, "'since the failure to comply with RPAPL 1304 is not a jurisdictional defect,'" and that defense was not raised by the defendant, who failed to answer the complaint (Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 901, quoting U.S. Bank Trust, N.A. v Green, 173 AD3d at 1112).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., DUFFY, BARROS and, WOOTEN JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court