HSBC Bank USA, N.A. v Diallo (2021 NY Slip Op 00424)





HSBC Bank USA, N.A. v Diallo


2021 NY Slip Op 00424


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-10659
2018-10660 
 (Index No. 23750/08)

[*1]HSBC Bank USA, National Association, respondent, 
v
Mohamed Diallo, appellant, et al., defendants.


Law Offices of Joseph N. Obiora, LLC, Jamaica, NY, for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Joseph S. Jacobs and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohamed Diallo appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated April 9, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Mohamed Diallo and for an order of reference, and denied the cross motion of the defendant Mohamed Diallo, in effect, to vacate his default in appearing or answering the complaint and for leave to serve a late answer, and, thereupon, to dismiss the complaint insofar as asserted against him. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Mohamed Diallo and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, Mohamed Diallo (hereinafter the defendant) to foreclose a mortgage which secured a note in the amount of $551,250. The plaintiff subsequently moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, in effect, to vacate his default in appearing or answering the complaint and for leave to serve a late answer, and, thereupon, to dismiss the complaint insofar as asserted against him. In an order dated April 9, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross motion. In a second order dated April 9, 2018, the court, inter alia, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The defendant appeals from both orders. We affirm the orders insofar as appealed from.
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; see CPLR 3215[f]; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785). "To defeat a facially sufficient CPLR 3215 motion, a [*2]defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Liberty County Mut. v Avenue I Med., P.C., 129 AD3d at 785; see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192).
Here, the plaintiff submitted evidence of service of the summons and complaint upon the defendant, as well as evidence of the facts constituting its cause of action and evidence of the defendants' failure to appear or answer the complaint within the time allowed (see RPAPL 1321[1]; CPLR 3215[f]; 21st Mtge. Corp. v Palazzotto, 164 AD3d 1293, 1294). Contrary to the defendant's contention, the plaintiff was not required to demonstrate that it had standing to commence the action in order to establish its prima facie entitlement to a default judgment. Standing is not an essential element of a cause of action to foreclose a mortgage (see US Bank N.A. v Nelson, 169 AD3d 110, 113-114). Furthermore, where, as here, the plaintiff has demonstrated, prima facie, that a defendant is in default because he "failed to appear" within the meaning of CPLR 3215(a), "that defendant is generally precluded from raising any nonjurisdictional defense without first rebutting the prima facie showing of default" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011 [emphasis omitted]; see First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865; Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 968; Fried v Jacob Holding, Inc., 110 AD3d 56, 60; cf. CPLR 5015[a]), and obtaining leave to serve a late answer (see CPLR 3012[d]). This is true, even if the nonjurisdictional defense "may be raised at any time" (Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; see HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704), and "regardless of whether it is exempt from the waiver provisions of CPLR 3211(e)" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011; see Deutsche Bank Natl. Trust Co. v Ford, 183 AD3d 1168; see also JPMorgan Chase Bank, N.A. v Carducci, 67 Misc 3d 561 [Sup Ct, Westchester County]; cf. RPAPL 1302-a). Since, here, the defendant failed to demonstrate a reasonable excuse for his default, "he is precluded from raising lack of standing . . . as [a] defense[] to this action" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011; see U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1427-1428; HSBC Bank USA, N.A. v Hasis, 154 AD3d at 834; Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069). Since the affirmative defense of lack of standing was never properly raised by the defendant, the plaintiff was not required to disprove that defense to obtain the relief it sought in its motion (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006; Flagstar Bank, FSB v Jambelli, 140 AD3d at 830; U.S. Bank N.A. v Carey, 137 AD3d 894, 895-896).
The defendant's remaining contentions either need not be reached in light of the foregoing, or are without merit. Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and denying the defendant's cross motion.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court