Citimortgage, Inc. v Weaver (2021 NY Slip Op 04903)





Citimortgage, Inc. v Weaver


2021 NY Slip Op 04903


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-13092
 (Index No. 18430/09)

[*1]Citimortgage, Inc., respondent, 
v
Everette Weaver, appellant, et al., defendants.
 


Akerman LLP, New York, NY (Joseph M. DeFazio and Jordan M. Smith of counsel), for respondent.
Everette Weaver, Hopewell Junction, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Everette Weaver appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated September 26, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Everette Weaver and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 28, 2008, the defendants Everette Weaver (hereinafter the defendant) and Leola Paul executed and delivered to All American Home Mortgage Corp. a note promising to repay a loan in the amount of $654,675, which was secured by a mortgage on real property. On July 22, 2009, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant and Paul. The defendant served an answer dated July 10, 2014, which the plaintiff rejected as untimely.
Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion, arguing, among other things, that he had not been served with the summons and complaint, and pointing to various alleged defects in the affidavit of service filed with the Supreme Court. By order dated September 26, 2016, the court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals.
"A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default" (National Loan Invs., L.P. v Bruno, 191 AD3d 999, 1001; see CPLR 3215[f]; HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 961). Here, the plaintiff established its entitlement to a default judgment against the defendant by submitting evidence of service of the summons and complaint, evidence of the facts constituting the cause of action against the defendant, and evidence of the defendant's default (see HSBC Bank USA, N.A. v Simms, 163 AD3d 930, 933). On the issue of service, the affidavit of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308(4), "commonly known as affix and mail service" (HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884; see PHH Mtge. Corp. [*2]v Johnson, 190 AD3d 990, 991). Further, the affidavit of Adam Gantner, employed by the plaintiff as a business operations analyst, in which he set forth "the facts constituting the claim, the default, and the amount due" (Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 900 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Amoah, 188 AD3d 647, 648), was sufficient to satisfy the plaintiff's burden of proving "the facts constituting the claim" (CPLR 3215[f]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; HSBC Bank USA, N.A. v Thorne, 189 AD3d 1193, 1195).
"To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (HSBC Bank USA, N.A. v Diallo, 190 AD3d at 960 [internal quotation marks omitted]; see National Loan Invs., L.P. v Bruno, 191 AD3d at 1001; Bank of N.Y. Mellon v Steinwurzel, 189 AD3d 1527, 1529). In opposition to the plaintiff's prima facie evidence of proper service, the defendant's "bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service" (PHH Mtge. Corp. v Johnson, 190 AD3d at 991; see Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760). Further, the defendant failed to refute the plaintiff's showing of his failure to timely appear or answer the complaint, and failed to offer a reasonable excuse for his default. "As the defendant failed to demonstrate a reasonable excuse for [his] default, we need not reach the issue of whether [he] demonstrated the existence of a potentially meritorious defense" (Bank of N.Y. Mellon v Steinwurzel, 189 AD3d at 1529).
"Where the plaintiff has demonstrated, prima facie, that a defendant is in default because he or she 'failed to appear' within the meaning of CPLR 3215(a), that defendant is generally precluded from raising any nonjurisdictional defense without first rebutting the prima facie showing of default . . . and obtaining leave to serve a late answer" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011 [internal citations omitted]; see CPLR 3012[d]; HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960). Thus, since the defendant failed to establish a reasonable excuse for his default, "he is precluded from raising lack of standing . . . as [a] defense[ ] to this action" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011; see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 961), as well as "the nonjurisdictional argument that the plaintiff failed to satisfy a condition precedent in the mortgage by failing to deliver a notice of default in the proper manner" (Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157).
The defendant's remaining contentions are improperly raised for the first time on appeal.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court