U.S. Bank N.A. v Merzius (2021 NY Slip Op 07265)





U.S. Bank N.A. v Merzius


2021 NY Slip Op 07265


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2018-00771
 (Index No. 22267/07)

[*1]U.S. Bank National Association, etc., respondent,
v
Jairzinho Merzius, appellant, et al., defendants.


Jairzinho Merzius, Brooklyn, NY, appellant pro se.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jairzinho Merzius appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 27, 2017. The order denied that defendant's motion to vacate a judgment of foreclosure and sale of the same court entered March 3, 2016.
ORDERED that the order is affirmed, with costs.
A judgment of foreclosure and sale was entered in this action on March 3, 2016, upon the default of the mortgagor, the defendant Jairzinho Merzius. Thereafter Merzius moved to vacate the judgment of foreclosure and sale, arguing that the plaintiff lacked standing, and that the judgment was procured by fraud. The Supreme Court denied the motion, and Merzius appeals.
Merzius's allegations of fraud constitute claims of intrinsic fraud, which may only serve as a basis for vacatur of a judgment where the movant establishes the existence of a reasonable excuse for the default and a meritorious defense to the action (see Bank of N.Y. Mellon Trust Co., N.A. v Ross, 170 AD3d 931, 932; U.S. Bank, N.A. v Peters, 127 AD3d 742, 742-743). Here, Merzius has not proffered any excuse for defaulting in the action, and as such, it is unnecessary to determine whether he presented a potentially meritorious defense to the action (see Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655).
Since Merzius failed to establish a reasonable excuse for his default, he is precluded from raising lack of standing as a defense to this action (see HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960-961; Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011).
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court