Nationstar Mtge., LLC v Gross (2022 NY Slip Op 00429)





Nationstar Mtge., LLC v Gross


2022 NY Slip Op 00429


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-01395 
2018-03864
 (Index No. 3369/08)

[*1]Nationstar Mortgage, LLC, plaintiff,
v
Sye Gross, et al., appellants, et al., defendants; Aurora Loan Services, LLC, nonparty-respondent.


Eran Regev, Manhasset, NY, for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Adam Wynn of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Sye Gross and Goldie Gross appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 15, 2017, and (2) an order of the same court dated December 27, 2017. The order dated November 15, 2017, insofar as appealed from, in effect, granted those branches of the motion of nonparty Aurora Loan Services, LLC, which were for leave to enter a default judgment against the defendants Sye Gross and Goldie Gross, to amend the caption to substitute Nationstar Mortgage, LLC, as the plaintiff in the action, and for an order of reference, and denied that branch of those defendants' cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order dated December 27, 2017, insofar as appealed from, granted the same relief to nonparty Aurora Loan Services, LLC, amended the caption to substitute Nationstar Mortgage, LLC, as the plaintiff in the action, and referred the matter to a referee to ascertain and compute the amount due.
ORDERED that the appeal from so much of the order dated November 15, 2017, as granted those branches of the motion of nonparty Aurora Loan Services, LLC, which were for leave to enter a default judgment against the defendants Sye Gross and Goldie Gross, to amend the caption to substitute Nationstar Mortgage, LLC, as the plaintiff in the action, and for an order of reference, is dismissed, as that portion of the order was superseded by the order dated December 27, 2017; and it is further,
ORDERED that the order dated November 15, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated December 27, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to nonparty Aurora Loan Services, LLC.
On January 30, 2008, Aurora Loan Services, LLC (hereinafter Aurora), commenced [*2]this action against the defendants Sye Gross and Goldie Gross (hereinafter together the defendants), among others, to foreclose a consolidated mortgage on certain residential property located in Brooklyn. The defendants did not timely appear or answer the complaint.
By notice of motion dated June 5, 2017, Aurora moved, inter alia, for leave to enter a default judgment against the defendants, to substitute its assignee, Nationstar Mortgage, LLC (hereinafter Nationstar), as the plaintiff in the action, and for an order of reference.
The defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(3) and (7) to dismiss the complaint insofar as asserted against them. In an order dated November 15, 2017, the Supreme Court, in effect, granted Aurora's motion and denied the defendants' cross motion. In an order dated December 27, 2017, the court granted Aurora's motion, amended the caption to substitute Nationstar as the plaintiff in the action, and referred the matter to a referee to compute the amount due. The defendants appeal.
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; see CPLR 3215[f]; HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Liberty County Mut. v Avenue I Med., P.C., 129 AD3d at 785; see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 960).
Here, Aurora submitted proof of service of the summons and complaint, proof of the facts constituting its cause of action, including that the defendants defaulted on their payment obligation, and proof that the defendants failed to appear or answer the complaint within the time allowed (see RPAPL 1321[1]; CPLR 3215[f]; HSBC Bank USA, N.A. v Diallo, 190 AD3d at 960). Contrary to the defendants' contention, Aurora was not required to demonstrate that it had standing in order to establish its prima facie entitlement to a default judgment, as standing is not an essential element of a cause of action to foreclose a mortgage (see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 960; US Bank N.A. v Nelson, 169 AD3d 110, 113-114, affd 36 NY3d 998).
In opposition, the defendants failed to show that they did not default in appearing or answering the complaint, or that they had a reasonable excuse for their delay and a potentially meritorious defense. Since the defendants defaulted and failed to demonstrate grounds for vacating their default, they are precluded from asserting Aurora's alleged lack of standing as a defense to this action (see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 960; Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011; U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112).
Contrary to the defendants' contentions, RPAPL 1302(1)(a) is inapplicable here (see U.S. Bank N.A. v Echevarria, 171 AD3d 979, 981), and Aurora established its compliance with RPAPL 1303 and1320 and CPLR 3012-b (see Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 997; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822).
Further, since the defendants appeared in the action and received notice of Aurora's motion, inter alia, for leave to enter a default judgment, Aurora complied with CPLR 3215(g)(1). CPLR 3215(g)(3) only applies to defendants who have "never appeared in the action" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 121; see Confidential Lending, LLC v Nurse, 120 AD3d 739, 742), which is not the case with these defendants.
The Supreme Court properly granted that branch of Aurora's motion which was to amend the caption to substitute Nationstar as the plaintiff, as Aurora demonstrated that the consolidated note and mortgage were validly assigned to Nationstar after the commencement of the action (see CPLR 1018; Woori Am. Bank v Global Universal Group Ltd., 134 AD3d 699, 700).
The defendants' remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court