Aurora Loan Servs., LLC v Jemal (2022 NY Slip Op 02970)

Aurora Loan Servs., LLC v Jemal

2022 NY Slip Op 02970

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-08261
 (Index No. 29905/09)

[*1]Aurora Loan Services, LLC, appellant, 
v
Sharon Jemal, etc., respondent, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated September 8, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Republic First Bank, to strike that defendant's answer, in effect, for leave to enter a default judgment against the defendant Sharon Jemal, and for an order of reference.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Republic First Bank and to strike that defendant's answer, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof denying those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant Sharon Jemal and for an order of reference, and substituting therefor a provision denying those branches of the motion with leave to renew upon proper papers; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants Sharon Jemal and Republic First Bank, among others, to foreclose a mortgage that secured a consolidated note in the amount of $4,000,000. Jemal served an untimely answer, which was rejected by the plaintiff and treated as a limited notice of appearance. Republic First Bank served an answer and raised multiple affirmative defenses, but did not plead the defense of lack of standing.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Republic First Bank, to strike Republic First Bank's answer, in effect, for leave to enter a default judgment against Jemal, and for an order of reference. Jemal opposed the plaintiff's motion and cross-moved to dismiss the complaint insofar as asserted against her, contending, inter alia, that the plaintiff lacked standing and that the affidavit of the representative of the plaintiff's purported servicer was insufficient under CPLR 3215(f). However, Jemal did not cross-move for leave to vacate her default or for leave to serve a late answer. Republic First Bank did not respond to the motion or the cross motion.
In an order dated September 8, 2017, the Supreme Court, inter alia, denied those [*2]branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Republic First Bank, to strike Republic First Bank's answer, in effect, for leave to enter a default judgment against Jemal, and for an order of reference. The court determined that the plaintiff failed to show its standing to maintain the action. The plaintiff appeals.
Contrary to the Supreme Court's determination, the plaintiff was not required to show its standing to maintain the action. "[W]here, as here, standing is not an essential element of the cause of action, under CPLR 3018(b) a defendant must affirmatively plead lack of standing as an affirmative defense in the answer in order to properly raise the issue in its responsive pleading" (US Bank N.A. v Nelson, 169 AD3d 110, 114, affd 36 NY3d 998). The mere denial of the allegation that the plaintiff was the owner and holder of the note and mortgage in the answer of Republic First Bank, without more, was insufficient to assert that the plaintiff lacks standing (see id. at 112).
Further, where the plaintiff has demonstrated, prima facie, that a defendant is in default because he or she "failed to appear" within the meaning of CPLR 3215(a), that defendant is generally precluded from raising any nonjurisdictional defense without first rebutting the prima facie showing of default and obtaining leave to serve a late answer (see HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960; Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011). This is true regardless of whether the nonjurisdictional defense is exempt from the waiver provisions of CPLR 3211(e) (see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 960; Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011; cf. RPAPL 1302-a). Here, the plaintiff demonstrated, prima facie, that Jemal was in default for failing to appear within the meaning of CPLR 3215(a). Jemal was thus required to rebut that showing and demonstrate that she should be relieved of the consequences of her default (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011). Nevertheless, Jemal failed to move to vacate her default in appearing or answering, and thus, she was precluded from raising lack of standing as a defense to this action (see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 961; Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011). Since the affirmative defense of lack of standing was never properly raised by Republic First Bank or Jemal, the plaintiff was not required to disprove that defense to obtain the relief it sought in its motion (see HSBC Bank USA, N.A. v Diallo, 190 AD3d at 961; Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1011; Deutsche Bank Natl. Trust Co. v Matzen, 174 AD3d 504, 505).
The Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Republic First Bank and to strike Republic First Bank's answer. The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see U.S. Bank Trust, N.A. v Collis, 196 AD3d 718, 719; Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1005; Deutsche Bank Natl. Trust Co. v Matzen, 174 AD3d at 505). Republic First Bank failed to oppose the plaintiff's motion and, thus, did not raise a triable issue of fact in opposition to the motion (see Deutsche Bank Natl. Trust Co. v Matzen, 174 AD3d at 506).
Further, the Supreme Court should have denied those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against Jemal and for an order of reference with leave to renew upon proper papers. "Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party" (HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776). Here, the plaintiff submitted an affidavit of merit executed by a vice president of its purported "servicer." However, there is no evidence in the record demonstrating that this individual had the authority to act on behalf of the plaintiff (see HSBC Bank USA, N.A. v Cooper, 157 AD3d at 776; HSBC Bank USA, N.A. v Betts, 67 AD3d at 736).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court