Bank of N.Y. v DeJohn (2022 NY Slip Op 04530)

Bank of N.Y. v DeJohn

2022 NY Slip Op 04530

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2019-01361 
2019-01362
 (Index No. 27967/08)

[*1]Bank of New York, etc., respondent,
v
John DeJohn, etc., appellant, et al., defendants.

Irwin Popkin, Melville, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth Flickinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant John DeJohn appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated October 10, 2019. The first order, insofar as appealed from, granted that branch of the plaintiff's motion, denominated as one for summary judgment on the complaint insofar as asserted against the defendant John DeJohn, but which was, in actuality, one for leave to enter a default judgment against that defendant, and granted that branch of the plaintiff's motion which was for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
Although denominated as one for summary judgment on the complaint insofar as asserted against the defendant John DeJohn (hereinafter the defendant), that branch of the plaintiff's motion was, in actuality, one for leave to enter a default judgment against the defendant. A plaintiff moving for leave to enter a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's failure to answer or appear (see CPLR 3215[f]; Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d 1138, 1141; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944). "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1008-1009 [internal quotation marks omitted]).
Here, the plaintiff made the required showing (see NYC REH, Inc. v Mizrahi, 204 AD3d 1023). In opposition to the motion, the defendant failed to show that there was no default or to demonstrate a reasonable excuse for his delay in answering the complaint (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1008). In light of the defendant's failure to establish a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious defense (see JE & MB Homes, LLC v U.S. Bank N.A., 189 AD3d 1195, 1196; [*2]Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference.
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court