Adams v Bonaparte (2025 NY Slip Op 03693)

Adams v Bonaparte

2025 NY Slip Op 03693

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-11359
 (Index No. 69257/22)

[*1]Sharon Adams, respondent, 
v
Tanai Bonaparte, appellant.

Davis, Ndanusa, Ikhlas & Saleem, LLP, Brooklyn, NY (Tarik Davis of counsel), for appellant.
Muchmore & Associates, PLLC, Brooklyn, NY (Marwan F. Sehwail of counsel), for respondent.

DECISION & ORDER
In an action for the partition and sale of real property, the defendant appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated September 11, 2023. The order, insofar as appealed from, denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate an order of the same court dated March 23, 2023, granting the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant upon her failure to appear or answer the complaint.
ORDERED that the order dated September 11, 2023, is affirmed insofar as appealed from, with costs.
In December 2022, the plaintiff commenced this action for the partition and sale of real property. The complaint alleged that the plaintiff and the defendant had purchased the subject property as joint tenants. The defendant failed to appear or answer the complaint, and the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant. In an order dated March 23, 2023, the Supreme Court granted the plaintiff's motion.
Thereafter, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a) to vacate the order dated March 23, 2023. By order to show cause dated July 28, 2023, the Supreme Court, among other things, directed the defendant to submit certain documents, including documents related to the potential refinancing of a mortgage loan encumbering the property. In an order dated September 11, 2023, the court, inter alia, denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate the order dated March 23, 2023, upon her failure to submit certain documents as directed. The defendant appeals.
The defendant informally appeared in this action by filing an affidavit in opposition to the plaintiff's motion, among other things, for leave to enter a default judgment against her. "Although an informal appearance can prevent a finding that the defendant is in default, thereby precluding entry of a default judgment, this is only true when the participation constituting the informal appearance occurred within the time limitations imposed for making a formal appearance" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1009 [citation and internal quotation marks [*2]omitted]). Here, since the defendant's informal appearance did not occur within the time limitations imposed for making a formal appearance, she was in default (see id. at 1009-1010; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167).
"A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 999; see Heitner v Capital One, N.A., 226 AD3d 976, 978). "A motion to vacate a default is addressed to the sound discretion of the court" (U.S. Bank N.A. v Hunte, 215 AD3d 887, 888; see Ross v Emefieh, 227 AD3d 739, 740). Here, the defendant failed to demonstrate a potentially meritorious defense to the action, as she failed to submit, inter alia, a written commitment letter for a mortgage loan refinance. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate the order dated March 23, 2023.
The defendant's remaining contentions are without merit.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court