■ GENERAL ELECTRIC CREDIT CORPORATION, Respondent, v NORBERT L. ZEMRUS, Appellant.—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: The summons and complaint in this action to recover an alleged balance due on a revolving charge account were served by substituted service on August 1, 1983. On August 2, 1983 defendant mailed a letter by certified mail, return receipt requested, to plaintiff's attorney requesting information about the purchase alleged in the complaint and enclosing a photocopy of a statement from the vendor indicating a zero balance. In our view, Special Term should have granted defendant's timely motion to vacate the default judgment which plaintiff entered on July 24, 1984. Although defendant's letter may not be construed to be an answer to the complaint, it was, nonetheless, a *pro se* attempt to participate in the action and demonstrated a justifiable excuse for his default, particularly since plaintiff's attorneys ignored the inquiry and waited 11½ months before entering the default judgment. Moreover, it is clear from the nature of defendant's letter and the time within and the manner in which it was posted that defendant did not intend to default *(see, Cohen v Ryan,* 34 AD2d 789). Further, the affidavit of defendant's attorney was sufficient to show a justifiable excuse and a meritorious defense since a copy of defendant's letter of August 2, 1983 with the statement referred to therein was attached, demonstrating by documentary evidence defendant's excuse and his claim of payment. Plaintiff's argument that the statement showing a zero balance was produced through a computer billing error raises an issue of fact that should be resolved in the action. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—vacate default judgment.) Present—Dillon, P. J., Hancock, Jr., Callahan, Pine and Schnepp, JJ.