■ PHILIP MEYER, Appellant, v A & B AMERICA, LTD., et al., Respondents, and DONNA R. KIEF, Intervenor-Respondent.—In an action to recover damages for breach of a sales commission contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walsh, J.), dated August 3, 1988, which granted the defendants' motion to vacate a judgment of the same court (Buell, J.), dated July 14, 1987, entered upon the defendants' default in answering.

Ordered that the order is affirmed, with costs to the intervenor-respondent.

The plaintiff served a summons and complaint dated December 1, 1986, seeking sales commissions totaling $6,112.92. The defendant Steven Kief, president of the defendant A & B America, Ltd., subsequently wrote a letter dated December 24, 1986, to the plaintiff's attorney, stating that, based upon his review of his corporate records, the amount of commissions claimed by the plaintiff was erroneous and that the amount due to the plaintiff was only $2,100, less charge backs. Although Kief requested a response to his letter, the plaintiff's attorney moved for leave to enter a default judgment based upon the defendants' failure to serve an answer.

Prior to the return date of the motion, March 17, 1987, the defendant Kief, in a letter to the court dated March 16, 1987, again disputed the amount of commissions claimed by the plaintiff. He also informed the court that the plaintiff's attorney was aware that he was not represented by counsel and that at all times he acted as chief executive officer of the

corporate defendant. Finally, Kief asked the court to dismiss the action.

By order entered May 22, 1987, the court (Buell, J.) granted the plaintiff's motion for leave to enter a default judgment based upon the defendants' failure to answer. A default judgment was later entered, but the default judgment was vacated by order dated August 3, 1988 (Walsh, J.).

Under the circumstances, vacatur of the default judgment was warranted (see, CPLR 5015 [a] [1]; see also, Perellie v Crimson's Rest., 108 AD2d 903). Although the defendants' letter dated December 24, 1986, did not constitute an answer, it was, nevertheless, an appearance, and the defendant Kief's pro se attempt to participate in the action (see, General Elec. Credit Corp. v Zemrus, 115 AD2d 953; Cohen v Ryan, 34 AD2d 789, 790). Given the nature and timing of the defendants' subsequent letter dated March 16, 1987, to the court, it is clear that no default was intended (see, General Elec. Credit Corp. v Zemrus, supra). We also find that the affidavit of the defendants' attorney was sufficient to show a justifiable excuse and a meritorious defense to the action (see, Ungar v Homes Protection, 87 AD2d 589).

We have considered the plaintiff's remaining contentions and find them either to be unpreserved for appellate review or without merit (see, e.g., Ladd v Stevenson, 112 NY 325, 332; Kennedy v Cassmon Realty Co., 139 AD2d 629). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.