■ STEPHEN C. TOWNSEND, Respondent, v JASON TORRES, Appellant.—Order insofar as appealed from unanimously reversed on the law with costs and so much of order as required security vacated. Memorandum: Under the circumstances of this case, it was an abuse of discretion for Supreme Court to condition the grant of defendant's vacatur application upon the posting of security. Here, there was no showing of any circumstances to warrant the requirement of posting security (see, *Mark IV Homes v Evans Gardens,* 57 AD2d 701, 702). Moreover, its imposition is inappropriate where, as here, it effectively serves to deprive a defendant of his day in court (see, *Congress Talcott Corp. v Pacemakers Trading Corp.,* 161

AD2d 554, 555; *Rubin v Payne,* 103 AD2d 946). The letter that defendant sent plaintiff's counsel six days following service of the summons with notice constituted a *pro se* attempt to appear in the action and clearly negated any intent to default in this action *(see, Meyer v A & B Am.,* 160 AD2d 688, 689; *General Elec. Credit Corp. v Zemrus,* 115 AD2d 953). In addition, defendant's affidavit was sufficient to demonstrate a meritorious defense to this action concerning whether he agreed to pay plaintiff, his former attorney, at an hourly rate or on a contingency basis. Thus, defendant's motion is granted without condition. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Vacate Judgment.) Present—Boomer, J. P., Balio, Lawton, Fallon and Doerr, JJ.