■ MONIQUE CASIMIR, Respondent, v CONSUMER HOME MORTGAGE INC. et al., Defendants, and LOUIS CIRILLO, Appellant. [886 NYS2d 11]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered September 2, 2008, which denied defendant Cirillo's motion to vacate a prior default judgment (and orders subsumed therein) entered against him, and either to grant summary judgment dismissing the complaint against him or to restore the action to the trial calendar and disqualify plaintiff's counsel as a necessary witness, unanimously affirmed, with costs.

Cirillo's claim that he did not receive any correspondence or notices in the mail concerning the litigation is belied by the record and his own sporadic appearances in the proceedings, such as at the hearing on the motion to compel his deposition and the deposition itself, where he confirmed his mailing address to plaintiff's counsel. Cirillo did not meet his burden of overcoming the presumption of proper mailing and establishing nonreceipt (see Engel v Lichterman, 62 NY2d 943 [1984]). That he neglected his role as a party in ongoing litigation he was aware of is inexcusable and indicates a willful default (see e.g. Cipriano v Hank, 197 AD2d 295 [1994]).

Nor has Cirillo demonstrated a meritorious defense to this action. The affidavit in support of his motion to vacate, containing conclusory statements that simply tried to blame the fraud on his absent and defaulting codefendant, was insufficient to support vacatur of his own default (see Matter of Kevin Donnell E., 288 AD2d 39 [2001]).

In light of our ruling, we need not reach the issue of attorney disqualification. Were we to consider that argument, we would find it without merit. Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.