■ AURORA LOAN SERVICES, Respondent, v PHILIP GRANT, Appellant, et al., Defendants. [893 NYS2d 898]—In an action, inter alia, to foreclose a mortgage, the defendant Philip Grant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 29, 2008, as denied those branches of his motion which were to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (1) and to vacate an order of the same court (Held, J.), dated March 6, 2008, granting the plaintiff's unopposed motion to dismiss his counterclaims pursuant to CPLR 3211 (a) (5) and (a) (7), and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint and to dismiss his affirmative defenses.

Ordered that the order dated May 29, 2008, is affirmed insofar as appealed from, with costs.

"In order to prevail on a motion to vacate a default in opposing a motion, a moving party is required to demonstrate both a reasonable excuse for its default and a meritorious claim" (*Montague v Rivera*, 50 AD3d 656, 657 [2008]; *see Raciti v Sands Point Nursing Home*, 54 AD3d 1014 [2008]; *St. Rose v McMorrow*, 43 AD3d 1146 [2007]). Contrary to the appellant's contention, he failed to demonstrate that any of his counterclaims had merit.

The plaintiff satisfied its prima facie burden establishing its entitlement to judgment as a matter of law (*see Popular Fin. Servs., LLC v Williams*, 50 AD3d 660 [2008]; *U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]). In opposition, the appellant failed to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action (*see U.S. Bank Trust N.A. Trustee v Butti*, 16 AD3d 408 [2005]; *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]). Accordingly, the Supreme Court properly granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint and to dismiss the appellant's affirmative defenses.

The appellant's remaining contention is without merit. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.