◼ Luis M. Zarzuela et al., Appellants, v F.A. Nunez Casta-nos, Respondent. [895 NYS2d 857]—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (McDonald, J.), dated October 23, 2009, which granted the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated August 25, 2009, granting the plaintiffs' unopposed motion for leave to enter judgment upon the defendant's default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to vacate the order dated August 25, 2009, is denied.

In order to vacate his default in answering the complaint pursuant to CPLR 5015 (a) (1), the defendant was required to demonstrate a reasonable excuse for his failure to serve an answer and a meritorious defense (*see* CPLR 5015 [a] [1]; *Forward Door of N.Y., Inc. v Forlader*, 41 AD3d 535 [2007]; *Piton v Cribb*, 38 AD3d 741 [2007]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]). While the determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]), the record does not support the Supreme Court's determination that the defendant offered a reasonable excuse for his default. Furthermore, the defendant failed to demonstrate the existence of a meritorious defense to the action. Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.