■ AURISTELLA LEGARETTA et al., Appellants, v LUCKY EKHSTOR et al., Respondents. (And a Third-Party Action.) [902 NYS2d 375]—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of Supreme Court, Queens County (Nelson, J.), dated May 15, 2009, which denied their motion, in effect, to vacate so much of a prior order of the same court dated March 28, 2008, as granted, without opposition, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Edward Hernandez and Eva M. Lamota on the ground that those plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated May 15, 2009, is affirmed, with costs to the respondents.

To vacate their default in opposing the defendants' motion for summary judgment, the plaintiffs were required to demonstrate both a reasonable excuse for their default and a potentially meritorious claim (see Donovan v Chiapetta, 72 AD3d 635 [2010]; Aurora Loan Servs. v Grant, 70 AD3d 986 [2010]). The determination of what constitutes a reasonable excuse lies within the trial court's discretion (see Zarzuela v Castanos, 71 AD3d 880 [2010]; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]). Under the circumstances of this case, the plaintiffs' claim of law office failure was insufficient to excuse their failure to oppose the defendants' motion for summary judgment. Rivera, J.P., Florio, Dickerson, Chambers and Lott, JJ., concur.