■ FRANKLIN CREDIT MANAGEMENT CORPORATION, Respondent, v DANIEL WIK, Appellant. [905 NYS2d 809]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered May 12, 2009. The order, inter alia, granted plaintiff a default judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating that part granting a default judgment, granting defendant 10 days after service of the order of this Court with notice of entry to serve an answer,

and denying plaintiff's motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action by serving a summons and complaint alleging that defendant breached his obligations under a promissory note, and defendant, a pro se litigant, made a pre-answer motion to dismiss the complaint for failure to state a cause of action. Defendant also sent a letter to plaintiff disputing the claims set forth in the complaint. Both the motion and letter were served upon plaintiff within two weeks of service of the summons and complaint, but the motion was not brought before Supreme Court because defendant failed to obtain the required request for judicial intervention (RJI) from the Monroe County Clerk's Office. Plaintiff did not respond to defendant's motion. Approximately eight months later, plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213, despite the fact that it had served a complaint. Plaintiff contended therein that it was entitled to judgment based on documentary evidence, i.e., defendant's failure to remit payment on the promissory note. On the return date of plaintiff's motion, the court heard argument on plaintiff's motion as well as defendant's motion to dismiss the complaint. In an ensuing written decision, the court denied defendant's motion and granted what it characterized as plaintiff's motion for "a default judgment." In addition, the court determined that, because defendant failed to purchase an RJI, his motion to dismiss came before the court only in response to plaintiff's motion "for a default judgment, long after the time to respond to the complaint had expired." The court thus determined that defendant's motion to dismiss "could no longer serve to extend [defendant's] time to answer the complaint," in accordance with CPLR 3211 (f), and that defendant therefore was not entitled to 10 additional days in which to serve an answer.

We conclude that, although the court properly denied defendant's motion to dismiss the complaint, it erred in granting a default judgment inasmuch as plaintiff did not move for such relief, and we therefore modify the order accordingly. We further conclude that defendant was entitled to the benefit of the 10 additional days set forth in CPLR 3211 (f) in which to serve an answer to the complaint, and we therefore further modify the order accordingly. First, by serving plaintiff with the motion to dismiss and the letter disputing the claim, defendant demonstrated an attempt to participate in the action pro se and "clearly negated any intent to default in this action" (*Townsend v Torres*, 182 AD2d 1140, 1141 [1992]; *see Thomas v Callahan*, 222 AD2d 1070 [1995]; *Meyer v A & B Am.*, 160 AD2d 688, 689

[1990]). Second, although defendant did not file his motion properly because he failed to obtain an RJI, it is undisputed that he served the motion upon plaintiff in a timely manner, and it is *service* of an unsuccessful pre-answer motion to dismiss, rather than *filing*, that extends a defendant's time in which to answer the complaint under CPLR 3211 (f). Finally, we must deny plaintiff's motion for summary judgment in lieu of complaint inasmuch as it is undisputed that a complaint previously was served, and we therefore further modify the order accordingly. Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.