U.S. BANK NATIONAL ASSOCIATION, Respondent, v BARBARA ANN SLAVINSKI, Appellant, et al., Defendant. [912 NYS2d 285]—

In an action to foreclose a mortgage, the defendant Barbara Ann Slavinski appeals from an order of the Supreme Court, Nassau County (McCabe, J.), entered March 31, 2009, which denied her motion to vacate a judgment of foreclosure and sale of the same court dated June 12, 2007, entered upon her default in appearing or answering the complaint, and to set aside the foreclosure sale.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, her communications with the plaintiff's attorneys did not constitute an informal appearance in this action. The record indicates that the appellant contacted the plaintiff's attorneys to request information pertaining to the sums necessary to pay off or reinstate her mortgage loan, and to seek a loan modification based on financial hardship. These contacts did not constitute a "pro se attempt to participate" (*Meyer v A & B Am.*, 160 AD2d 688, 689 [1990]; *see General Elec. Credit Corp. v Zemrus*, 115 AD2d 953 [1985]) in the foreclosure action (*cf. Thomas v Callahan*, 222 AD2d 1070 [1995]; *Cohen v Ryan*, 34 AD2d 789 [1970]). In any event, even if the appellant's communications with the plaintiff's attorneys could be deemed an appearance, she nevertheless defaulted in this action by failing to serve an answer.

Furthermore, the Supreme Court properly denied the appellant's motion to vacate her default pursuant to CPLR 5015 (a) (1). A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (*see Taddeo-Amendola v 970 Assets, LLC*, 72 AD3d 677 [2010]; *Perfect Care, Inc. v Ultracare Supplies, Inc.*, 71 AD3d 752, 753 [2010]; *Zarzuela v Castanos*, 71 AD3d 880 [2010]; *Bank of N.Y. v Segui*, 42 AD3d 555 [2007]; *Dave Sandel, Inc. v Specialized Indus. Servs. Corp.*, 35 AD3d 790, 791 [2006]). The appellant's contentions that she "did not know [she] was suppose[d] to file an answer to this action," and that she did not understand the "court's process," do not constitute reasonable excuses for her default (*see Dorrer v Berry*, 37 AD3d 519, 520 [2007]; *Voss*

*Dental Lab v Surgitex, Inc.*, 210 AD2d 985 [1994]; *People v Scudds*, 195 AD2d 778, 779 [1993]; *General Elec. Tech. Servs. Co. v Perez*, 156 AD2d 781, 783 [1989]). The appellant also failed to demonstrate the existence of a potentially meritorious defense to foreclosure based on fraud (*see Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914 [2009]; *McMorrow v Dime Sav. Bank of Williamsburgh*, 48 AD3d 646, 647-648 [2008]; *Deutsche Bank Natl. Trust Co. v Campbell*, 26 Misc 3d 1206[A], 2009 NY Slip Op 52678[U] [2009]) or alleged violations of the Truth in Lending Act (15 USC § 1601 *et seq.*), the Real Estate Settlement Procedures Act (12 USC § 2601 *et seq.*), the Home Ownership and Equity Protection Act of 1994 (15 USC § 1639), and General Business Law § 349 (*see Beach v Ocwen Fed. Bank*, 523 US 410 [1998]; *U.S. Bank N.A. v Pia*, 73 AD3d 752 [2010]; *Fremont Inv. & Loan v Haley*, 23 Misc 3d 1138[A], 2009 NY Slip Op 51186[U] [2009]; *Fremont Inv. & Loan v Laroc*, 21 Misc 3d 1124[A], 2008 NY Slip Op 52166[U] [2008]).

Finally, the appellant failed to demonstrate that the invocation of a court's inherent power to vacate a judgment in the interest of substantial justice is warranted in this case (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62 [2003]; *Katz v Marra*, 74 AD3d 888 [2010]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.