OPINION OF THE COURT
Per Curiam.
Order, dated May 26, 2009, reversed, with $10 costs, the motion of nonparties Ming Huang and Xi Chen denied, and petitioner’s motion for summary judgment of possession granted. Issuance of the warrant of eviction shall be stayed for 30 days from service of a copy of this order with notice of entry.
Petitioner commenced these consolidated holdover proceedings against respondents Kai Huang and Bi Huang in January 2005, alleging that their license to occupy the combined single- *3 room occupancy (SRO) units here at issue expired upon the death of the record tenant, one Shan Chan. Respondents appeared and sought succession rights, and thereafter repeatedly failed to comply with a series of court orders mandating discovery. In February 2009, after four years of litigation, respondents, upon advice of counsel, executed a written stipulation waiving any tenancy rights and agreeing to “surrender their respective possessory claims to the subject premises.” At about the same time, nonparties Ming Huang and Xi Chen (or, collectively, the proposed intervenors), relatives of the named respondents, purported to serve petitioner with a proposed answer, which asserted that the proposed intervenors lived in the SRO units since some time in 2000 and thus qualified as “permanent tenant[s]” entitled to rent stabilization protection {see 9 NYCRR 2520.6 [j]). Petitioner rejected the proposed answer as untimely.
Given the tortuous procedural posture of this case, the proposed intervenors’ subsequent, April 2009 motion for leave to interpose an answer in this “summary” eviction proceeding should have been denied. Absent from the proposed intervenors’ moving submission was any showing of a reasonable excuse for their extreme (four-year) delay in moving to answer the petition (see RPAPL 743; see also Whittemore v Yeo, 99 AD3d 496 [2012]), a delay particularly troubling in view of their admitted awareness of the pendency of this proceeding since its 2005 inception {see Casimir v Consumer Home Mtge. Inc., 65 AD3d 954 [2009]). Ming’s contention that she believed counsel for the named respondents was also representing her and Xi’s interests is insufficient to constitute a reasonable excuse for the prolonged delay (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 111 AD3d 800 [2013]; see also U.S. Bank N.A. v Slavinski, 78 AD3d 1167 [2010]). Indeed, the record establishes that any such belief was unreasonable under the circumstances of this case (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 111 AD3d at 800; Roussodimou v Zafiriadis, 238 AD2d 568 [1997]).
Nor did the proposed intervenors set forth a meritorious defense to the holdover petition. Significantly, neither provided a scintilla of evidence to support a claim of long-term residency in the SRO units, or offered an explanation for the complete absence of any such evidence. These evidentiary shortcomings are made all the more glaring by the complete absence from the record on appeal — developed after years of litigation — of a single *4 reference to any occupant(s) of the SRO premises other than the named respondents who, as indicated, agreed to vacate long ago.
In sum, we find no basis for the extraordinary relief herein sought by the proposed intervenors, the grant of which would, in effect, needlessly result in a “do-over” of a long-pending eviction proceeding previously resolved by the named parties by way of a fully enforceable written stipulation. The proper enforcement of that stipulation requires the grant of petitioner’s unopposed motion for summary judgment of possession against the named respondents. In view of this disposition, we have no occasion to consider the import, if any, of Branic Intl. Realty Corp. v Pitt (106 AD3d 178 [2013], lv granted 2013 NY Slip Op 81582[U] [1st Dept 2013]) to this case.
Shulman, J.E, Hunter, Jr., and Torres, JJ., concur.