Edith Vicente, Appellant, 
against
The New York City Transit Authority, MABSTOA, Metropolitan Transit Authority and MTA Bus Company, Respondents, and "John Doe", Defendant.




Harmon, Linder & Rogowsky, Esqs. (Mitchell Dranow of counsel), for appellant.
NYCTA Law Department-Torts Division (Lawrence Heisler and Harriet Wong of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Queens County (Mojgan Cohanim Lancman, J.), entered August 19, 2016. The order denied plaintiff's motion to vacate an order of that court dated August 14, 2015 granting an unopposed motion by defendants The New York City Transit Authority, MABSTOA, Metropolitan Transit Authority and MTA Bus Company for summary judgment dismissing the complaint.




ORDERED that the order entered August 19, 2016 is affirmed, without costs.
Plaintiff commenced this action to recover damages for injuries she had sustained while attempting to board, and then immediately exit, a New York City Transit Authority bus in Queens on September 19, 2011. The New York City Transit Authority, MABSTOA, Metropolitan Transit Authority and MTA Bus Company (defendants) served an answer, and discovery was conducted. By notices of motion returnable in May and June of 2016, defendants moved to dismiss the complaint on the grounds, respectively, that plaintiff's accident had been caused solely by her loss of balance and that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102. In support of the first motion, defendants relied on plaintiff's testimony at a statutory hearing held on November 23, 2011. Plaintiff testified that she had been boarding the bus when the driver had told her in Spanish to get off so that other people could exit the bus. Plaintiff's right foot was on the bottom step, and plaintiff then moved her right foot off the bus and fell. The bus was approximately five inches from the curb, and plaintiff saw no debris, defect or wetness on the roadway or sidewalk. Plaintiff stated that she had fallen because she got off the bus too fast and lost her balance. In support of the second motion, defendants argued that plaintiff did not sustain a serious injury and submitted medical reports to support their position.
On the return date, plaintiff requested and was granted an adjournment in order to oppose [*2]the motions. On the adjourned date, the court refused to accept plaintiff's opposition papers, stating that they had not been timely served upon defendants 10 days prior to the return date. By order dated August 14, 2015, the Civil Court granted defendants' motions. Plaintiff moved to vacate the order, arguing that she had had to wait for MRI films and doctor's records in order to effectively oppose the serious injury motion. By order entered August 19, 2016, the court denied the motion, stating that plaintiff had failed to give a reasonable explanation for her late opposition to the liability motion.
In order to vacate the order granting, on default, defendants' motions for summary judgment dismissing the complaint, plaintiff was required to demonstrate both a reasonable excuse for her default and a potentially meritorious cause of action (see CPLR 5015 [a] [1]; Legaretta v Ekhstor, 74 AD3d 899 [2010]; Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661 [2009]). Here, there were two motions for summary judgment. With respect to the motion for summary judgment on liability grounds, plaintiff failed to offer any excuse or set forth a meritorious cause of action. As there was no basis to vacate so much of the order dated August 14, 2015 as granted defendants' motion for summary judgment dismissing the complaint on liability grounds, the court did not need to consider whether there were grounds to vacate so much of the order as granted defendants' summary judgment motion based on a lack of serious injury.
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 15, 2018