M&T Bank v Ronnermann (2021 NY Slip Op 06612)





M&T Bank v Ronnermann


2021 NY Slip Op 06612


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-05302
 (Index No. 600141/17)

[*1]M & T Bank, respondent,
v
Kirk Ronnermann, appellant, et al., defendants.


Christopher Thompson, West Islip, NY, for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Natalie A. Griff of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kirk Ronnermann appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr.), dated February 14, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Kirk Ronnermann and denied that defendant's motion pursuant to CPLR 5015(a)(1) to vacate his default in appearing or answering the complaint, and thereupon, pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action against the defendant Kirk Ronnermann (hereinafter the defendant) and the defendant Mollie W. Tichy, among others, alleging that the defendant defaulted in making payments under a note secured by the subject mortgage. Tichy, a record owner of the property and the defendant's wife, interposed an answer. The defendant failed to appear or answer the complaint. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant. The defendant cross-moved pursuant to CPLR 5015(a)(1) to vacate his default in appearing or answering the complaint, and thereupon, pursuant to CPLR 3012(d) for leave to serve a late answer. In an order dated February 14, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"'[A] defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655, quoting Bank of Am., N.A. v Viener, 172 AD3d 795, 796). "The determination as to what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Green Apple Mgt. Corp. v Aronis, 55 AD3d 669, 669). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 614).
Here, the Supreme Court providently exercised its discretion in rejecting the [*2]defendant's proffered excuse for his failure to timely appear or answer the complaint, i.e., that he mistakenly believed that the service of an answer by Tichy was sufficient to protect his own legal interests. The defendant's professed ignorance of the law and a lack of understanding of the need to serve an answer did not constitute reasonable excuses under these circumstances (see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049; Chase Home Fin., LLC v Minott, 115 AD3d 634, 634; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167-1168).
Since the defendant failed to demonstrate a reasonable excuse for his default, the Supreme Court was not required to determine whether the defendant demonstrated a potentially meritorious defense to the action (see Green Tree Servicing, LLC v Weiss, 180 AD3d at 655; HSBC Bank USA, N.A. v Smart, 155 AD3d 843, 843).
The defendant's remaining contention is without merit.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court