US Bank N.A. v Salvatierra (2022 NY Slip Op 03023)





US Bank N.A. v Salvatierra


2022 NY Slip Op 03023


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-13943
 (Index No. 700090/18)

[*1]US Bank National Association, etc., appellant,
v
Shirley Salvatierra, et al., defendants, Wilmer Morales, etc., respondent.


Friedman Vartolo, LLP, New York, NY (Zachary Gold and Oran Schwager of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 9, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Wilmer Morales, and granted that branch of the cross motion of the defendant Wilmer Morales which was for leave to serve a late answer.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Wilmer Morales is granted, and that branch of the cross motion of the defendant Wilmer Morales which was for leave to serve a late answer is denied.
In 2004, the defendant Wilmer Morales obtained a loan from the plaintiff's predecessor. The loan was secured by a mortgage on certain real property located in Richmond Hill, executed by Morales and the defendant Martha Seda. On January 3, 2018, the plaintiff commenced this action to foreclose the mortgage against Morales, Seda, and others. Morales was personally served with the summons and complaint on January 9, 2018.
In or about January 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against all of the defendants and for an order of reference. Morales cross-moved, inter alia, pursuant to CPLR 3012(d) for leave to serve a late answer.
The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment and against the other defendants, but denied that branch of the motion which was for leave to enter a default judgment against Morales. The court also granted that branch of Morales's cross motion which was for leave to serve a late answer. The plaintiff appeals.
In order to successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference based on the failure to appear or timely serve an answer, extend the time to answer, and compel the plaintiff to accept an untimely answer as timely, a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Rattner v Fessler, ___ AD3d ___, 2022 NY Slip Op 01058, *3 [2d Dept]; HSBC [*2]Bank USA, N.A. v Masters, 176 AD3d 926; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857).
Here, the Supreme Court improvidently exercised its discretion in finding that Morales demonstrated a reasonable excuse for his default in appearing or answering the complaint (see Tribeca Lending Corp. v Correa, 92 AD3d 770). Morales's claims of ignorance of the law and a lack of understanding of the need to serve an answer do not constitute a reasonable excuse (see M & T Bank v Ronnermann, 199 AD3d 996; Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673; U.S. Bank N.A. v Slavinski, 78 AD3d 1167). The specialized summons containing specific language mandated by RPAPL 1320 was personally served on Morales, and warned him that he must respond by serving a copy of the answer or risk losing his home (see HSBC Bank USA, N.A. v Rotimi, 121 AD3d 855; Chase Home Fin., LLC v Minott, 115 AD3d 634). Morales's claim that, despite the warning language of the summons, he was unaware of his obligation to serve an answer, does not constitute a reasonable excuse for his default (see U.S. Bank N.A. v Ahmed, 137 AD3d 1106).
Morales's appearance and participation in mandatory foreclosure settlement conferences pursuant to CPLR 3408 also does not constitute a reasonable excuse for his default in answering the complaint (see Bank of Am., N.A. v Viener, 172 AD3d 795), when the first conference was held two and a half months after the time to answer had expired under CPLR 3012(a) (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647). CPLR 3408(m) also does not entitle him to serve and file a late answer, when he did not seek leave to serve a late answer until almost one year after his appearance at the initial settlement conference. Morales's conclusory, undetailed, and uncorroborated claim that he was never advised by counsel at the settlement conferences of the need to file or serve an answer, does not constitute a reasonable excuse (see Ferraro Foods, Inc. v Guyon, Inc., 165 AD3d 628). Morales further failed to establish a reasonable excuse for his additional delay in moving for leave to file or serve a late answer after mandatory settlement conferences had concluded (see JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048).
Since Morales failed to establish a reasonable excuse for his default, it is unnecessary to consider whether he demonstrated a potentially meritorious defense (see Bank of Am., N.A. v Agarwal, 150 AD3d 651).
The plaintiff demonstrated entitlement to a default judgment against Morales with proof of service of the summons and complaint, proof of Morales's failure to answer the complaint or appear in this action within the required time period, and proof of the facts constituting the claim, namely, that the plaintiff was the holder of the note and mortgage, and Morales defaulted on his payment obligations under the mortgage (see CPLR 3215[f]; 21st Mtge. Corp. v Palazzotto, 164 AD3d 1293; HSBC Bank USA v Angeles, 143 AD3d 671). As Morales failed to submit evidence sufficient to defeat the plaintiff's facially adequate motion, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Morales (see U.S. Bank, N.A. v Rosario, 164 AD3d 1290).
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court