Travelon, Inc. v Maekitan (2023 NY Slip Op 01816)

Travelon, Inc. v Maekitan

2023 NY Slip Op 01816

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-04068
 (Index No. 32416/20)

[*1]Travelon, Inc., et al., appellants, 
v
David Maekitan, et al., defendants.

Joseph J. Haspel, Middletown, NY, for appellants.
Peretz Bronstein, New York, NY, for defendant Emsons Agra, LLC.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated April 8, 2021. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendants Elirani Russo and Emsons Exim Pvt Ltd.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendant Emsons Exim Pvt Ltd., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On June 29, 2020, the plaintiffs commenced this action against, among others, the defendants Elirani Russo, Emsons Agra, LLC (hereinafter Emsons Agra), and Emsons Exim Pvt Ltd. (hereinafter Emsons Exim). The complaint asserted, inter alia, three causes of action alleging breach of contract against Emsons Agra and Emsons Exim in connection with the manufacture and shipment of medical gowns from India.
In December 2020, the plaintiffs moved, inter alia, for leave to enter a default judgment against Russo and Emsons Exim. In support of the motion, the plaintiffs did not submit any affidavits of service of process upon Russo or Emsons Exim. Instead, the plaintiffs contended that an affidavit from Russo (hereinafter the Russo affidavit), which was submitted by Emsons Agra in opposition to the plaintiff's prior motion for a preliminary injunction, constituted an informal appearance on behalf of both Russo and Emsons Exim, that Russo and Emsons Exim had submitted to personal jurisdiction of the Supreme Court despite not having been served with process, that their time to file an answer had passed, and therefore, the court could enter a default judgment against them.
In opposition, Emsons Agra submitted an affirmation of counsel. In his affirmation, counsel stated, "While I was not retained to nor have I appeared in this action on behalf [of] any party other than [Emsons] Agra, [Emsons] Agra opposes the motion for default judgments against [Emsons Exim] and [Russo] because the motion, based entirely upon [Emsons] Agra's filings in this proceeding, incorrectly charges that [Emsons] Agra's participation constitutes an informal appearance on behalf of [Emsons] Exim and/or Russo."
In an order dated April 8, 2021, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against Russo and Emsons Exim. The plaintiffs appeal.
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (Nationstar Mtge., LLC v Gross, 201 AD3d 942, 944 [internal quotation marks omitted]; see CPLR 3215[f]). Here, it is undisputed that the plaintiffs failed to submit proof of service of the summons and complaint upon Russo and Emsons Exim. It is also undisputed that neither Russo nor Emsons Exim formally appeared in this action (see CPLR 320[a]).
However, "'[i]n addition to the formal appearances listed in CPLR 320(a), the law continues to recognize the so-called "informal" appearance'" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1009, quoting David D. Siegel & Patrick M. Connors, New York Practice § 112 [6th ed, Dec. 2019 update]). An informal appearance "'comes about when the defendant, although not having taken any of the steps that would officially constitute an appearance under CPLR 320(a), nevertheless participates in the case in some way relating to the merits'" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d at 1009, quoting Siegel & Connors, New York Practice § 112). "When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court" (Taveras v City of New York, 108 AD3d 614, 617). "[A]n appearance of the defendant is equivalent to personal service of the summons upon him [or her], unless an objection to jurisdiction under [CPLR 3211(a)(8)] is asserted by motion or in the answer as provided in rule 3211" (CPLR 320[b]).
"The occasion for [an informal] appearance [is] an infrequent thing" (Siegel & Connors, New York Practice § 112 [6th ed, Dec. 2022 update]). However, an informal appearance may occur even where the defendant is not served with process (see Rubino v City of New York, 145 AD2d 285; McGowan v Bellanger, 32 AD2d 293, 293-294), where an individual defendant affirmatively states that he or she is only acting in his or her capacity as an officer of a corporate defendant (see Meyer v A & B Am., 160 AD2d 688, 689; cf. Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 814), and where a party opposes a motion for a preliminary injunction (see Jeffers v Stein, 99 AD3d 970, 971).
Here, in the Russo affidavit, which was submitted by Emsons Agra in opposition to the motion for a preliminary injunction, Russo stated that he was speaking as the chief executive officer (hereinafter CEO) of Emsons Agra and Emsons Exim, and not in his individual capacity. All of the averments contained in the Russo affidavit concern the actions and potential liability of Emsons Agra and Emsons Exim, not Russo himself. Considering that "[o]ne of the primary legitimate purposes of incorporating is to limit or eliminate the personal liability of corporate principals" (Flushing Plaza Assoc. #2 v Albert, 102 AD3d 737, 738), it cannot be said, on this record, that Russo participated on the merits in his individual capacity by submitting the Russo affidavit on behalf of corporate defendants Emsons Agra and Emsons Exim (see Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d at 814; cf. Meyer v A & B Am., 160 AD2d at 689). Since the Russo affidavit did not constitute an informal appearance on behalf of Russo, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to enter a default judgment against him.
However, the Russo affidavit constituted an informal appearance on behalf of Emsons Exim. In the Russo affidavit, Russo specifically stated that he is the CEO of both Emsons Agra and Emsons Exim, and then collectively referred to both entities throughout the affidavit as "Emsons." While collectively referring to both entities, Russo averred that the plaintiffs' assignor, the defendant Nekuda Tova, LLC (hereinafter Nekuda), breached the contract signed by Emsons Exim, despite "Emsons" having performed under the contract by entering into subcontracts to produce gowns, producing gowns, shipping gowns to the United States, and holding gowns in their warehouse in Mumbai. Perhaps most importantly, Russo stated that the $1.4 million in damages sustained as a result of Nekuda's breach of the contract were sustained by "Emsons," indicating both Emsons Agra [*2]and Emsons Exim. Moreover, the complaint asserts three causes of action alleging breach of contract against Emsons Agra and Emsons Exim. Thus, even though counsel for Emsons Agra repeatedly denied that he was ever retained to represent Emsons Exim in this action, the Russo affidavit advanced contentions that might constitute either affirmative defenses or counterclaims on behalf of Emsons Exim.
Since the Russo affidavit constituted an informal appearance on behalf of Emsons Exim, and since Emsons Exim failed to serve and file an answer within 20 days of its informal appearance (see CPLR 320[a], [b]) or move pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it on the ground that the Supreme Court did not have personal jurisdiction over it (see id. § 320[b]), the court should have granted that branch of the plaintiffs' motion which was for leave to enter a default judgment against Emsons Exim (see id. §§ 320[a], [b]; 3215[f]; Jeffers v Stein, 99 AD3d at 971; see also Meyer v A & B Am., 160 AD2d at 689).
Emsons Agra's remaining contention is without merit.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court