M&T Bank v Ronnermann (2025 NY Slip Op 04563)

M&T Bank v Ronnermann

2025 NY Slip Op 04563

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-02740
 (Index No. 600141/17)

[*1]M & T Bank, respondent, 
v
Kirk Ronnermann, appellant, et al., defendants.

Christopher Thompson, West Islip, NY, for appellant.
Tromberg, Morris & Partners, PLLC, New York, NY (Kristin Bolduc and David Wildermuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kirk Ronnermann appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), entered November 28, 2022. The order and judgment of foreclosure and sale, upon an order of the same court dated November 16, 2022, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denying the cross-motion of the defendant Kirk Ronnermann to reject the referee's report, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On January 5, 2017, the plaintiff commenced this action against the defendant Kirk Ronnermann (hereinafter the defendant) and the defendant Mollie W. Tichy, among others, to foreclose a mortgage on property located in Centerport. Tichy interposed an answer, but the defendant did not. In an order dated February 14, 2019, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Tichy, for leave to enter a default judgment against the defendant, and for an order of reference, and denied the defendant's cross-motion to vacate his default in appearing or answering the complaint and for leave to serve a late answer. The defendant appealed from the order, and this Court affirmed the order insofar as appealed from (see M & T Bank v Ronnermann, 199 AD3d 996).
In March 2020, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In support of its motion, the plaintiff submitted, among other things, an affidavit purportedly indicating the amount due and owing but without business records attached to support the finding. The defendant cross-moved to reject the referee's report, arguing, inter alia, that the plaintiff failed to establish by admissible evidence the amount due and owing because no business records were submitted.
The plaintiff served an attorney affirmation in reply and in opposition to the cross-motion. The plaintiff's attorney asserted therein that attached to the attorney affirmation was a [*2]supplemental affidavit of merit of Rachel M. Nowicki, a banking officer of the plaintiff (hereinafter the Nowicki affidavit), which included a "payment history, proof of escrow payments made, and [a] loan history." However, the record does not reflect that the Nowicki affidavit was actually submitted with the plaintiff's attorney affirmation.
Thereafter, the Supreme Court adjourned the motion and the cross-motion and directed the plaintiff to serve copies of business records related solely to the amount to be awarded to the plaintiff in the referee's report.
In response to the order, the plaintiff submitted the Nowicki affidavit, which detailed the amount due and owing as of May 24, 2019, with documentation attached. The defendant filed objections to the plaintiff's computation, in which the defendant argued, inter alia, that the Supreme Court should not have permitted the plaintiff to cure defects in its original motion papers.
In an order dated November 16, 2022, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denied the defendant's cross-motion to reject the referee's report. The court issued an order and judgment of foreclosure and sale granting the plaintiff's motion, confirming the referee's report, and directing the sale of the property. The defendant appeals.
"'The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility'" (Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1560, quoting Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). However, "[t]he referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Ocwen Loan Servicing, LLC v Coles, 223 AD3d 678, 680).
Contrary to the defendant's contention, the Supreme Court, as the ultimate arbiter of the dispute, which had the power to reject the referee's report and make new findings (see CPLR 4403), did not err in directing the plaintiff to produce additional business records in support of its motion (see Adelman v Fremd, 234 AD2d 488, 489).
Furthermore, Nowicki laid a proper foundation for the admission of various business records annexed to her affidavit, inter alia, by attesting that she was "familiar with business records maintained by [the plaintiff] for the purpose of servicing mortgage loans" (see Bank of Am., N.A. v Bloom, 202 AD3d 736, 737). As the referee's findings with regard to the amount due are substantially supported by the record, the Supreme Court properly granted that branch of the plaintiff's motion which was to confirm the referee's report (see HSBC Mtge. Corp. USA v Jung Ae Lee, 228 AD3d 742, 743).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in view of our determination.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court