Wells Fargo Bank, N.A. v DeFoe (2026 NY Slip Op 01397)

Wells Fargo Bank, N.A. v DeFoe

2026 NY Slip Op 01397

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-02889
 (Index No. 135289/18)

[*1]Wells Fargo Bank, N.A., etc., appellant,
vSuzanne Lynn DeFoe, et al., respondents, et al., defendants.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.
Staten Island Legal Services, Staten Island, NY (Thomas M. Tillona of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated December 4, 2023. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated July 15, 2022, as denied those branches of the motion of the defendants Suzanne Lynn DeFoe and George J. Grazediski which were to vacate their default in answering the complaint and for leave to serve a late answer, and thereupon, granted those branches of those defendants' prior motion, and vacated a prior order of the same court dated November 5, 2018, inter alia, granting the plaintiff's motion for leave to enter a default judgment and for an order of reference.
ORDERED that the order dated December 4, 2023, is reversed insofar as appealed from, on the law, with costs, upon reargument, the determination in the order dated July 15, 2022, denying those branches of the motion of the defendants Suzanne Lynn DeFoe and George J. Grazediski which were to vacate their default in answering the complaint and for leave to serve a late answer is adhered to, and the order dated November 5, 2018, is reinstated.
In April 2018, the plaintiff commenced this action against the defendants Suzanne Lynn DeFoe and George J. Grazediski (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Staten Island. The defendants failed to answer the complaint. In July 2018, the defendants appeared for a settlement conference pursuant to CPLR 3408, but the matter was released from the settlement part and the plaintiff was instructed to proceed with foreclosure. In August 2018, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated November 5, 2018 (hereinafter the November 2018 order), the Supreme Court granted the motion without opposition and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.
As relevant to this appeal, in March 2022, the defendants moved, among other things, to vacate their default in answering the complaint and for leave to serve a late answer. By order dated July 15, 2022, the Supreme Court, inter alia, denied the defendants' motion.
Thereafter, the defendants moved, among other things, for leave to reargue those branches of their prior motion which were to vacate their default in answering the complaint and for leave to serve a late answer. By order dated December 4, 2023, the Supreme Court, inter alia, granted the defendants leave to reargue those branches of their prior motion, and upon reargument, [*2]vacated their default in answering the complaint and extended their time to serve an answer, and vacated the November 2018 order. The plaintiff appeals.
To successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference based on the failure to appear or timely serve an answer, extend the time to answer, and compel the plaintiff to accept an untimely answer as timely, a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see US Bank N.A. v Salvatierra, 205 AD3d 757, 758; Rattner v Fessler, 202 AD3d 1011, 1015; HSBC Bank USA, N.A. v Masters, 176 AD3d 926). Contrary to the Supreme Court's conclusion, the defendants failed to demonstrate a reasonable excuse for their default. The defendants' contention that they were unaware of their obligation to serve an answer did not constitute a reasonable excuse (see US Bank N.A. v Salvatierra, 205 AD3d at 758; M & T Bank v Ronnermann, 199 AD3d 996, 997). Moreover, contrary to the court's determination, the defendants cannot rely upon CPLR 3408(m) or (l) in order to establish a reasonable excuse for their default, as they did not seek leave to serve a late answer until approximately four years after their appearance at the settlement conference, and they failed to proffer any excuse for their additional delay in moving for leave to serve a late answer after the conference had concluded (see US Bank N.A. v Salvatierra, 205 AD3d at 759; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049). Since the defendants failed to proffer a reasonable excuse for their default, we need not consider whether they demonstrated the existence of a potentially meritorious defense to the action (see JPMorgan Chase Bank, N.A. v Horsfield, 227 AD3d 790, 794; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893).
Accordingly, the Supreme Court, upon reargument, should have adhered to its original determination denying those branches of the defendants' motion which were to vacate their default in answering the complaint and for leave to serve a late answer. In light of the foregoing, the court should not have vacated the November 2018 order.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court